## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **ASHLEY DAVIS** | ) **JURY TRIAL DEMANDED** |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.** |
| | ) |
| **ASSOCIATED CREDIT SERVICES** | ) |
| **INC.,** | ) |
|     **Defendant.** | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1.  This is an action for actual and statutory brought by Plaintiff Ashley Davis an individual consumer, against Defendant, Associated Credit Services Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.  JURISDICTION AND VENUE

2.  Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C 1331. The venue in this District is proper in that the Defendant Associated Credit

Services Inc., transacts business in Atlanta, GA and the conduct complained of occurred in Atlanta, GA.

### III.    PARTIES

3.    Plaintiff Ashley Davis (hereinafter "Ms. Davis") is a natural person residing in Atlanta, GA. Ms. Davis is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4.    Upon information and belief, Defendant Associated Credit Services Inc. is a debt collection agency with its principal place of business located in Massachusetts.

5.    Defendant, Associated Credit Services Inc., is engaged in the collection of debt from consumers using mail and telephone.

6.    Defendant regularly attempt to collect consumers' debts alleged to be due to another.

7.    Plaintiff alleged "debt" as defined by the FDCPA, 15 U.S.C 1692a(5) this alleged debt at issue arose from a transaction entered into primarily for personal, family or household purposes.

### IV.    FACTS OF THE COMPLAINT

8.    Defendant, Associated Credit Services Inc., (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

9.    On or about December 12, 2024, at 3:20 PM, the Plaintiff received an email from the Debt Collector regarding an alleged past-due balance of $3642.62 owed to Truist Bank.

10.    On the same day, at 3:35 PM, the Plaintiff responded to the debt collection email, explicitly stating her refusal to pay. She wrote, "I am not going to pay – no matter how many threats or scare tactics you throw my way," clearly asserting her unwillingness to settle the alleged debt and indicating potential concerns about the collector's communication approach.

11.    The Plaintiff clearly notified the Debt Collector of their refusal to pay.

12.    On or about December 20, 2024, Plaintiff received another email stating "Resolve your overdue balance of $3642.62 today by contacting us to discuss your options" which was in violation of 15 USC §1692c(c).

13.    Plaintiff has suffered actual damages because of these illegal collection communication tactics by the Debt Collector in the form of invasion of privacy, seclusion upon intrusion, loss of productivity, emotional distress, wasted time, anger, anxiety, amongst other negative emotions.

### V.    FIRST CLAIM FOR RELIEF
### (Defendant Associated Credit Services Inc.,)
### 15 U.S.C. §1692c(c)

14.    All preceding paragraphs are re-alleged.

15.    The Debt Collector violated the FDCPA.

3

16.   The Debt Collector's violations include, but are not limited to, the following: The Debt Collector violated 15 U.S.C § 1692c(c) by failing to cease collection after receiving written notice.

17.   As a result of the above violations of the FDCPA, the Debt Collector is liable to Plaintiff for actual damages, statutory damages, and costs.

## **JURY DEMAND AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

By: /s/ Naja I. Hawk
**NAJA I. HAWK**
Pleadings@thehawklegal.com
**THE HAWK LEGAL**
**COLLECTIVE**
730 Peachtree Street NE, #570
Atlanta, GA 30308
Phone: (404) 439-9310

*Counsel for Plaintiff*